**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

LEOVETTA TAYLOR,
　　　　　Appellant,

　　　　v.

DEPARTMENT OF JUSTICE,
　　　　　Agency.

DOCKET NUMBER
AT-0752-12-0253-B-1

DATE: February 23, 2015

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Joyce E. Kitchens, Esquire, Athens, Georgia, for the appellant.

Marlon A. Martinez, Esquire, Washington, D.C., for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member
Member Robbins issues a separate, dissenting opinion.

**FINAL ORDER**

¶1　　The agency has filed a petition for review of the initial decision, which reversed the appellant's removal. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

Effective January 4, 2012, the appellant was removed from her position as a Photographer with the Federal Bureau of Investigation (FBI) based on a finding that she had operated her privately-owned vehicle while intoxicated or impaired by alcohol or a controlled substance, in violation of the FBI offense code. MSPB Docket No. AT-0752-12-0253-I-1, Initial Appeal File (I-1 IAF), Tab 14, subtab 4(b). Specifically, on December 12, 2010, the appellant was stopped by an Austell, Georgia police officer after she backed her vehicle into a concrete post outside of a convenience store. *Id.* at 1. In response to the officer's questioning, the appellant indicated that she had taken an overdose of trazodone, a medication for the treatment of depression and insomnia. *Id.* at 1-2. As a result, the appellant was transported to the hospital by ambulance, where a blood test was administered through which it was determined that she had been drinking alcohol. *Id.* at 2. In fact, the appellant had a blood alcohol level of .316%, over three times the legal limit in the state of Georgia. *Id*. The appellant was arrested and

charged with driving under the influence (DUI), but was ultimately convicted of Reckless Driving, Striking a Fixed Object, and a Basic Rule Violation. *Id.*

¶3 On January 23, 2012, the appellant filed an appeal of her removal, which was subsequently dismissed without prejudice. I-1 IAF, Tab 24, Initial Decision at 1-2. On May 17, 2012, the appeal was refiled. MSPB Docket No. AT-0752-12-0253-I-2, Initial Appeal File (I-2 IAF), Tab 1. After holding the appellant's requested hearing, the administrative judge reversed the appellant's removal, finding that the agency had violated the appellant's due process rights when the deciding official considered information not set forth in the notice of proposed removal. I-2 IAF, Tab 34, Initial Decision at 3-6. Subsequently, the Board reversed the initial decision and remanded the case for a hearing on the merits. *Taylor v. Department of Justice*, MSPB Docket No. AT-0752-12-0253-I-2, Remand Order (Feb. 10, 2014).

¶4 On remand, after holding a hearing, the administrative judge issued an initial decision, again reversing the removal action. MSPB Docket No. AT-0752-12-0253-B-1, Initial Appeal File (B-1 IAF), Tab 16, Initial Decision (ID). The administrative judge found that, although the agency had sustained the DUI charge, it failed to establish a nexus between the appellant's off-duty misconduct and the efficiency of the service. ID at 3-5. Regarding nexus, the administrative judge found that the appellant's misconduct was: (1) not so egregious as to create a rebuttable presumption of nexus; (2) did not adversely affect her or her coworkers' job performance, or the agency's trust and confidence in her job performance; and (3) did not adversely affect the agency's mission because the FBI's mission does not include the enforcement of drunk driving laws and the appellant was not a law enforcement officer. ID at 4-5. The administrative judge ordered the agency to cancel the removal, retroactively restore the appellant with back pay, and provide her interim relief, if either party filed a petition for review

of the initial decision.[2]  ID at 9-10.  The administrative judge further found that the appellant failed to establish her affirmative defense of discrimination based on disability, race, and sex.  ID at 6-8.

¶5	The agency filed a petition for review in which it argues that the administrative judge erred in finding that it failed to establish nexus because the appellant's conduct was so egregious that nexus should have been presumed, the administrative judge failed to consider that management indicated that it had a low level of confidence in the appellant's ability to perform her assigned duties, and the appellant's misconduct in violating the law was contrary to the FBI's mission as a law enforcement agency.  B-1 PFR File, Tab 1 at 8-11.  The appellant filed a response in opposition to the agency's petition, but did not file a cross petition for review challenging the administrative judge's findings that she failed to prove her affirmative defense claims.  B-1 PFR File, Tab 4.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶6	The Board generally recognizes three independent means by which an agency may show a nexus linking an employee's off-duty[3] misconduct with the efficiency of the service:  (1) a rebuttable presumption of nexus that may arise in certain egregious circumstances based on the nature and gravity of the

---

[2]  The appellant retired, effective March 8, 2013, prior to the issuance of the administrative judge's initial decision.  MSPB Docket No. AT-0752-12-0253-B-1, Petition for Review (B-1 PFR) File, Tab 1 at 17, 19.  With its petition for review, the agency submitted an affidavit from the Acting Unit Chief of the Payroll/Personnel Actions Processing Unit, asserting that it would be an administrative burden to comply with the interim relief order and restore the appellant to a paid status because it would be difficult to ensure that she did not improperly receive retirement benefits from the Office of Personnel Management in addition to a salary from the agency.  *Id.* at 17.  The appellant has not raised any issues of noncompliance with the interim relief order.  However, given our disposition of this appeal in favor of the appellant, the issue of the agency's compliance with the interim relief order is now moot.  *See Wingate v. U.S. Postal Service*, 118 M.S.P.R. 566, ¶ 3 n.1 (2012).

[3]  There is sufficient nexus between an employee's conduct and the efficiency of the service where the conduct occurred in part at work.  *Parker v. U.S. Postal Service*, 819 F.2d 1113, 1116 (Fed. Cir. 1987).

misconduct; (2) a showing by preponderant evidence that the misconduct affects the employee's or her coworkers' job performance, or management's trust and confidence in the employee's job performance; and (3) a showing by preponderant evidence that the misconduct interfered with or adversely affected the agency's mission.[4] *Kruger v. Department of Justice*, 32 M.S.P.R. 71, 74 (1987). Where an employee's conduct is contrary to the agency's mission, the agency need not present proof of a direct effect on the employee's job performance. *Brown v. Department of the Navy*, 229 F.3d 1356, 1362 (Fed. Cir. 2000).

¶7    As to the first prong of the *Kruger* test, we agree with the administrative judge that the appellant's off-duty alcohol abuse is not sufficiently egregious so as to automatically give rise to a presumption of nexus.[5] ID at 4; *see, e.g.*, *Brook v. Corrado*, 999 F.2d 523, 527-28 (Fed. Cir. 1993) (off-duty drug trafficking sufficiently egregious to warrant a presumption of nexus); *Graham v. U.S. Postal Service,* 49 M.S.P.R. 364, 367 (1991) (nexus presumed where the appellant was

---

[4] The Board discussed the development and legislative history of the nexus requirement in *Merritt v. Department of Justice*, 6 M.S.P.R. 585, 596 (1981), *modified*, *Kruger v. Department of Justice*, 32 M.S.P.R. 71, 75 n.2 (1987). In that decision, the Board extensively quoted comments made during the mark-up of the Civil Service Reform Act of 1978, Pub. L. No. 95-454, 92 Stat. 1111, that federal employees should not be disciplined for activities that are not job-related, that do not affect the employee's job performance, and that do not affect the performance of others. *Merritt*, 6 M.S.P.R. at 602-03; *see* House Committee on Post Office and Civil Service, Mark-Up Session on H.R. 11280, 95th Cong., 2d Sess. 39-40 (June 21, 1978). The Board also quoted the Conference Committee report, which states that conviction of a crime that has no bearing on an employee's performance or the performance of others may not be the basis for action against an employee. *Merritt*, 6 M.S.P.R. at 603-04; *see* H.R. Conf. Rep. No. 95-1717, 95th Cong., 2d Sess. 131 (1978).

[5] The agency argues that subsequent case law has expanded the definition of "egregious," citing to *O'Keefe v. U.S. Postal Service*, 88 M.S.P.R. 475 (2001), *vacated and remanded*, 318 F.3d 1310 (Fed. Cir. 2002), and *Laniewicz v. Department of Veterans Affairs*, 83 M.S.P.R. 477 (1999). Such cases, however, involve a penalty analysis and not an analysis of whether there was a nexus between the misconduct and the efficiency of the service. Thus, the cases cited by the agency are inapposite to the instant case.

convicted of sexual abuse in the first degree of a 14-year old girl); *Faint v. U.S. Postal Service*, 22 M.S.P.R. 495, 497 (1984), *aff'd*, 770 F.2d 179 (Fed. Cir. 1985) (assault with a deadly weapon constitutes egregious circumstances warranting the presumption of nexus); *see also Arthur v. Department of Army*, 10 M.S.P.R. 239, 243 (1982) (conviction of the charge of disorderly conduct is not so egregious that an adverse effect on the efficiency of the service by the appellant's retention can reasonably be presumed).[6]

¶8      Regarding the second prong of the *Kruger* test, it is undisputed that the appellant's misconduct did not affect her performance and she received favorable performance ratings both before and after the misconduct.  ID at 4; B-1 PFR File, Tab 1 at 9.  In this regard, it is significant that the record evidence submitted to the Board does not show that the appellant operated a motor vehicle as part of her official duties.  Nor does the agency challenge the administrative judge's finding that the appellant's misconduct did not affect her coworkers' job performance.  In addition, we find unavailing the agency's contention that the administrative judge ignored testimony by the deciding official that management had a low level of confidence in the appellant's ability to perform her assigned duties.  Though the deciding official generally testified that the FBI simply could not tolerate having employees who work for a law enforcement agency violating the law themselves, she did not specifically address how the appellant's off-duty misconduct affected the agency's trust and confidence in her ability to perform her job duties.  B-1 IAF, Tab 15, June 12, 2014 Hearing Compact Disc (CD) at 1:02 (testimony of the deciding official); I-2 IAF, Tab 35, August 1, 2012 Hearing CD at 47:24; 1:10 (testimony of the deciding official).  Nor did the agency call any of the

---

[6] Our finding that the appellant's misconduct was not so egregious as to create a presumption of a nexus should in no way be viewed as condoning her behavior.  To the contrary, the appellant's off-duty conduct was extremely troubling and she was sentenced to criminal punishment by the State of Georgia.  Her conduct did not, however, rise to the level so as to create the presumption of a nexus to her government job.

appellant's supervisors to testify on this subject. *See* B-1 IAF, Tab 12 at 11; *see also* I-2 IAF, Tab 18 at 10.

¶9      Moreover, as the administrative judge correctly noted, the agency's analysis of the Douglas factors specifically states that, "[t]he offense has no relation to [the appellant's] duties, position and responsibilities" and, significantly, that "[t]he offense has not affected the employee's ability to perform her duties at the satisfactory level." I-1 IAF, Tab 14, subtab 4(g) at 2-3; *see* ID at 4. Although the deciding official's Douglas factors analysis indicated that, considering the appellant's "long line of disciplinary issues" and her "ethical conduct in the past," management did not have a high level of confidence that she would act according to FBI principles unless closely supervised, the deciding official did not address if or how the appellant's misconduct diminished the agency's trust and confidence in her job performance, with specific reference to her duties and to the impact of her misconduct on those duties. *Id.* at 3.

¶10     As to the third prong, the agency contended that the appellant's misconduct in violating the law was generally contrary to the FBI's mission as a law enforcement agency. We note, however, that the appellant is not a law enforcement officer, specifically charged with enforcing the law. Although the Board has found a nexus between off-duty criminal misconduct by law enforcement agents and the efficiency of the service, law enforcement agents, due to the nature of their duties, are held to a higher standard of conduct than other employees. *See, e.g.*, *Todd v. Department of Justice*, 71 M.S.P.R. 326, 330 (1996). As such, we find that the administrative judge properly found that the agency failed to prove that the appellant's removal for off-duty misconduct promotes the efficiency of the service.

## ORDER

¶11     We ORDER the agency to cancel the removal action and to restore the appellant effective January 4, 2012. *See Kerr v. National Endowment for the*

*Arts*, [726 F.2d 730](#) (Fed. Cir. 1984).  The agency must complete this action no later than 20 days after the date of this decision.

¶12      We also ORDER the agency to pay the appellant the correct amount of back pay, interest on back pay, and other benefits under the Office of Personnel Management's regulations, no later than 60 calendar days after the date of this decision.  We ORDER the appellant to cooperate in good faith in the agency's efforts to calculate the amount of back pay, interest, and benefits due, and to provide all necessary information the agency requests to help it carry out the Board's Order.  If there is a dispute about the amount of back pay, interest due, and/or other benefits, we ORDER the agency to pay the appellant the undisputed amount no later than 60 calendar days after the date of this decision.

¶13      We further ORDER the agency to tell the appellant promptly in writing when it believes it has fully carried out the Board's Order and of the actions it took to carry out the Board's Order.  The appellant, if not notified, should ask the agency about its progress.  *See* [5 C.F.R. § 1201.181](#)(b).

¶14      No later than 30 days after the agency tells the appellant that it has fully carried out the Board's Order, the appellant may file a petition for enforcement with the office that issued the initial decision on this appeal if the appellant believes that the agency did not fully carry out the Board's Order.  The petition should contain specific reasons why the appellant believes that the agency has not fully carried out the Board's Order, and should include the dates and results of any communications with the agency.  [5 C.F.R. § 1201.182](#)(a).

¶15      For agencies whose payroll is administered by either the National Finance Center of the Department of Agriculture (NFC) or the Defense Finance and Accounting Service (DFAS), two lists of the information and documentation necessary to process payments and adjustments resulting from a Board decision are attached.  The agency is ORDERED to timely provide DFAS or NFC with all documentation necessary to process payments and adjustments resulting from the

Board's decision in accordance with the attached lists so that payment can be made within the 60-day period set forth above.

**NOTICE TO THE APPELLANT REGARDING
YOUR RIGHT TO REQUEST
ATTORNEY FEES AND COSTS**

You may be entitled to be paid by the agency for your reasonable attorney fees and costs.  To be paid, you must meet the requirements set out at Title 5 of the United States Code (5 U.S.C.), sections 7701(g), 1221(g), or 1214(g).  The regulations may be found at 5 C.F.R. §§ 1201.201, 1201.202, and 1201.203.  If you believe you meet these requirements, you must file a motion for attorney fees WITHIN 60 CALENDAR DAYS OF THE DATE OF THIS DECISION.  You must file your attorney fees motion with the office that issued the initial decision on your appeal.

**NOTICE TO THE APPELLANT REGARDING
YOUR FURTHER REVIEW RIGHTS**

You have the right to request further review of this final decision.

Discrimination Claims:  Administrative Review

 You may request review of this final decision on your discrimination claims by the Equal Employment Opportunity Commission (EEOC).  *See* Title 5 of the United States Code, section 7702(b)(1) (5 U.S.C. § 7702(b)(1)).  If you submit your request by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit your request via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, NE

Suite 5SW12G
Washington, D.C. 20507

You should send your request to EEOC no later than 30 calendar days after your receipt of this order. If you have a representative in this case, and your representative receives this order before you do, then you must file with EEOC no later than 30 calendar days after receipt by your representative. If you choose to file, be very careful to file on time.

Discrimination and Other Claims:  Judicial Action

If you do not request EEOC to review this final decision on your discrimination claims, you may file a civil action against the agency on both your discrimination claims and your other claims in an appropriate United States district court.  *See* 5 U.S.C. § 7703(b)(2).  You must file your civil action with the district court no later than 30 calendar days after your receipt of this order.  If you have a representative in this case, and your representative receives this order before you do, then you must file with the district court no later than 30 calendar days after receipt by your representative.  If you choose to file, be very careful to file on time.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e5(f) and 29 U.S.C. § 794a.


FOR THE BOARD:                    _____
                                 William D. Spencer
                                 Clerk of the Board

Washington, D.C.



| DFAS CHECKLIST |
| :---: |
| **INFORMATION REQUIRED BY DFAS IN ORDER TO PROCESS PAYMENTS AGREED UPON IN SETTLEMENT CASES OR AS ORDERED BY THE MERIT SYSTEMS PROTECTION BOARD** |

AS CHECKLIST: INFORMATION REQUIRED BY IN ORDER TO PROCESS PAYMENTS AGREED UPON IN SETTLEMENT CASES

## CIVILIAN PERSONNEL OFFICE MUST NOTIFY CIVILIAN PAYROLL OFFICE VIA COMMAND LETTER WITH THE FOLLOWING:

1. Statement if Unemployment Benefits are to be deducted, with dollar amount, address and POC to send.

2. Statement that employee was counseled concerning Health Benefits and TSP and the election forms if necessary.

3. Statement concerning entitlement to overtime, night differential, shift premium, Sunday Premium, etc, with number of hours and dates for each entitlement.

4. If Back Pay Settlement was prior to conversion to DCPS (Defense Civilian Pay System), a statement certifying any lump sum payment with number of hours and amount paid and/or any severance pay that was paid with dollar amount.

5. Statement if interest is payable with beginning date of accrual.

6. Corrected Time and Attendance if applicable.

## ATTACHMENTS TO THE LETTER SHOULD BE AS FOLLOWS:

1. Copy of Settlement Agreement and/or the MSPB Order.

2. Corrected or cancelled SF 50's.

3. Election forms for Health Benefits and/or TSP if applicable.

4. Statement certified to be accurate by the employee which includes:

   a. Outside earnings with copies of W2's or statement from employer.
   b. Statement that employee was ready, willing and able to work during the period.
   c. Statement of erroneous payments employee received such as; lump sum leave, severance pay, VERA/VSIP, retirement annuity payments (if applicable) and if employee withdrew Retirement Funds.

5. If employee was unable to work during any or part of the period involved, certification of the type of leave to be charged and number of hours.



**NATIONAL FINANCE CENTER CHECKLIST FOR BACK PAY CASES**

Below is the information/documentation required by National Finance Center to process payments/adjustments agreed on in Back Pay Cases (settlements, restorations) or as ordered by the Merit Systems Protection Board, EEOC, and courts**.**

1. Initiate and submit AD-343 (Payroll/Action Request) with clear and concise information describing what to do in accordance with decision.

2. The following information must be included on AD-343 for Restoration:

    a. Employee name and social security number.
    b. Detailed explanation of request.
    c. Valid agency accounting.
    d. Authorized signature (Table 63)
    e. If interest is to be included.
    f. Check mailing address.
    g. Indicate if case is prior to conversion. Computations must be attached.
    h. Indicate the amount of Severance and Lump Sum Annual Leave Payment to be collected. (if applicable)

## Attachments to AD-343

1. Provide pay entitlement to include Overtime, Night Differential, Shift Premium, Sunday Premium, etc. with number of hours and dates for each entitlement. (if applicable)

2. Copies of SF-50's (Personnel Actions) or list of salary adjustments/changes and amounts.

3. Outside earnings documentation statement from agency.

4. If employee received retirement annuity or unemployment, provide amount and address to return monies.

5. Provide forms for FEGLI, FEHBA, or TSP deductions. (if applicable)

6. If employee was unable to work during any or part of the period involved, certification of the type of leave to be charged and number of hours.

7. If employee retires at end of Restoration Period, provide hours of Lump Sum Annual Leave to be paid.

NOTE: If prior to conversion, agency must attach Computation Worksheet by Pay Period and required data in 1-7 above.

The following information must be included on AD-343 for Settlement Cases: (Lump Sum Payment, Correction to Promotion, Wage Grade Increase, FLSA, etc.)

    a. Must provide same data as in 2, a-g above.
    b. Prior to conversion computation must be provided.
    c. Lump Sum amount of Settlement, and if taxable or non-taxable.

If you have any questions or require clarification on the above, please contact NFC's Payroll/Personnel Operations at 504-255-4630.

in

*Leovetta Taylor v. Department of Justice*
MSPB Docket No. AT-0752-12-0253-B-1

¶1    I respectfully dissent.

¶2    Although my colleagues agree with the administrative judge's finding that the agency failed to establish nexus, it is problematic for me to find no nexus where a Federal Bureau of Investigation (FBI) employee violates the law, especially given the special nature of the agency's mission. According to the FBI's website:

> The mission of the FBI is to protect and defend the United States against terrorist and foreign intelligence threats, to uphold and enforce the criminal laws of the United States, and to provide leadership and criminal justice services to federal, state, municipal, and international agencies and partners; and to perform these responsibilities in a manner that is responsive to the needs of the public and is faithful to the Constitution of the United States.

*The United States Department of Justice, Organization, Mission and Functions Manual: Federal Bureau of Investigation*, http://www.justice.gov/jmd/ organization-mission-and-functions-manual-federal-bureau-investigation.

¶3    At the outset, I agree with the agency's argument that the appellant's misconduct in violating the law was contrary to the FBI's mission as a law enforcement agency. Where misconduct is based on a criminal conviction, as it is here, an agency must show a nexus between the conviction and the job requirements. The nexus requirement applicable to disciplinary actions taken under chapter 75 stems from 5 U.S.C. § 2302(b)(10), which sets forth that an agency may not "discriminate for or against any employee or applicant for employment on the basis of conduct which does not adversely affect the performance of the employee or applicant or the performance of others . . . . " According to Congress, criminal convictions must be considered under this

provision. *See* H.R. CONF. REP. No. 1717, 95th Cong., 2d Sess. 131, *reprinted in* 1978 U.S. CODE CONG. & ADMIN. NEWS 2723, 2864.

¶4        In the past, the courts and the Board have followed Congressional intent and found nexus between an employee's off-duty criminal misconduct and the efficiency of the service due to the nature of the employees' positions and the agency's mission. *See,* e.g., *Hayes v. Department of the Navy*, 727 F.2d 1535, 1538-39 (Fed. Cir. 1984) (the court affirmed the Board's decision to sustain the firing of a Mechanical Planner Estimator based on his criminal conviction for assaulting a child, even though his job did not always require interaction with children; the egregious nature of the misconduct raised a presumption of nexus); *Masino v. United States*, 589 F.2d 1048 (Ct. Cl. 1978) (sustaining the removal of a Customs Inspector convicted of the personal use and transportation of marijuana); *Todd v. Department of Justice*, 71 M.S.P.R. 326, 330 (1996) (correctional counselor's removal for two driving while intoxicated (DWI) convictions, failure to report his arrest, and improper use of his identification card promoted the efficiency of the service as it is an extremely serious offense when a correctional officer violates federal or state laws against drunk driving because it compromises the integrity of personnel in the federal prison system and correctional or law enforcement officers are held to a higher standard of conduct); *Thompson v. Department of Justice*, 51 M.S.P.R. 43, 50 (1991) (removal of a recreational specialist from a federal correctional institution for off-duty DWI conviction and marijuana possession was reasonable because, as a law enforcement officer, it was appropriate to hold this employee to a higher standard of conduct than other employees and his involvement with illegal drugs was antithetical to the duties of his position and the agency's mission).

¶5        Alternatively, I would find that the agency met its burden of proving that the appellant's criminal misconduct under the facts of this case had a connection to the efficiency of the service. To that end, the agency provided evidence that established that the appellant's conduct violated the FBI offense code, the

appellant lied to the arresting officer and said that she had taken an overdose of a medication for depression and insomnia, when in fact the results of the blood test indicated that she had been drinking excessively, the appellant endangered herself and others by driving a motor vehicle while under the influence, and she recklessly destroyed property as a result of her drunk driving. In recent years, society has begun to take driving while drunk as a serious criminal act. In addition, the deciding official testified that, as a result of the appellant's misconduct, the agency had lost trust in her ability to perform her job duties.

¶6        Based on the above, I would reverse the initial decision and sustain the agency's decision to remove the appellant under the circumstances of this case.


_____
Mark A. Robbins
Member